# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| Anthony Martin<br>649 E. Sheridan St., Unit 104<br>Dania Beach, FL 33004<br><br>　　　　Plaintiff,<br><br>v.<br><br>GC Services, LP<br>c/o CT Corporation System<br>1200 S. Pine Island Rd.<br>Plantation, FL 33324<br><br>　　　　Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around September 26, 2009, Plaintiff retained an attorney to file bankruptcy.

8. On or around January 22, 2010, Defendant telephoned Plaintiff in connection with the collection of the debt.

9. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney and provided Plaintiff's attorney's contact information.

10. On or around January 22, 2010, Defendant telephoned Plaintiff's bankruptcy attorney's office.

11. During this communication, Plaintiff's attorney's office confirmed that Plaintiff was represented by an attorney with respect to the debt.

12. Despite this notice, Defendant telephoned Plaintiff twice more on January 22, 2010 in connection with the collection of the debt.

13. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

14. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

15. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

16. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

22. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Adela D. Estopinan
    Adela D. Estopinan
    Bar # 25939
    701 SW 27th Avenue, #1209
    Miami, FL 33135
    Telephone:  866-339-1156
    Email:  ade@legalhelpers.com
    Attorneys for Plaintiff